UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XPO CNW INC., et al.,

    Plaintiffs,

vs.

    Case No. 16-10391

R&L CARRIERS, INC., et al.,

    HON. AVERN COHN

    Defendants.

_____/

### APPOINTMENT AND ORDER OF REFERENCE TO SPECIAL MASTER

This is a business dispute. Plaintiffs are suing defendants claiming breach of contract, unfair competition, misappropriation of trade secrets, and tortious interference with a contract. The parties are engaged in discovery. Currently pending are the following discovery disputes (see Exhibit A attached):

- Plaintiffs' First and Second Motions to Compel (Docs. 49, 50, 63)
- Defendants' Motion to Compel (Doc. 76, 77)
- Defendants' production of revenue and employee information
- Defendants' Fifth Requests for Production
- The parties' proposals to cull Plaintiffs' list of alleged trade secrets

Because of the complexity of the subject matter it is ORDERED that:

1. The determination of the discovery disputes shall be made by Morley Witus as Special Master in accordance with Fed. R. Civ. P. 53(c) and (d) to decide upon and recommend in writing an appropriate resolution of the disputes.

The Special Master's contact information is below:

> Morley Witus
> Barris Sott Denn & Driker PLLC,
> 333 W Fort St Ste 1200,
> Detroit, MI 48226-3150
> (313) 596-9308
> mwitus@bsdd.com.

2. The Special Master shall confer with the parties to arrange a schedule for additional briefing, if desired, and other matters.

3. Copies of papers filed with the Special Master shall also be filed simultaneously with the Clerk of the Court and served pursuant to applicable federal rules and a copy shall be simultaneously sent to the Court. Forwarding letters or informal communications need not be filed, but should be served on the opposite party.

4. The Special Master may conduct meetings at a location(s) to be agreed upon by the parties and the Special Master. The Special Master may conduct hearings and meetings at a location(s) of the Special Master's choice after consultation with the parties.

5. The Special Master may communicate with the Court ex parte on procedural matters.

6. Before filing his report, the Special Master shall submit a draft of his report to counsel for the purpose of receiving their suggestions. After receipt and consideration of counsels' suggestions, the Special Master shall issue his report.[1] The report shall note with particularity the suggestions of the parties.

7. A petition for review by the Court shall be submitted in writing within fourteen

---

[1] This is known as settling the master's report." Dobie, The Federal Rules of Civil Procedure, 25 Va. L. Rev. 261, 293 n. 128 (1939).

(14) days of receipt of the Special Master's report. Review of the recommendations of the Special Master by the Court shall be governed by 28 U.S.C. § 636(b)(1)(B) and (C).

8. The Special Master may use law clerks or paralegals at his discretion and shall keep detailed records of his time and expenses. The Special Master shall render detailed monthly bills for all fees and expenses at the same rates ordinarily charged clients for his services, and such bills shall be paid promptly as follows: fifty percent (50%) by Plaintiffs and 50 percent (50%) by Defendants. The monthly bills shall be submitted directly to counsel for the parties who shall take responsibility for prompt payment by their respective clients within thirty (30) days.

9. Objections, if any, to this order shall be filed within seven (7) days.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2018
Detroit, Michigan

**ATTACHMENT A**

Dear Judge Cohn,

Below is a joint agenda for the status conference on May 21, 2018 in the above-referenced matter:

1. Resolution of Plaintiff XPO's First and Second Motions to Compel (Dkt. 49-50, 63) (XPO is open to referral to magistrate judge or discovery master; R+L asserts these Motions were expressly terminated with Plaintiffs' agreement during the hearing before Judge Cleland, but does not object to the referral to a magistrate judge or discovery master);

2. Defendants R+L Carriers, Inc., Shawn Thackray, Jill Langley, and James Matthews' Motion to Compel (Dkt. 76-77) (XPO proposes that R+L's motion be held in abeyance pending further discovery and possible narrowing of trade secrets list; R+L does not agree to XPO's proposal, as it amounts to suspending a motion that is ripe for resolution while XPO conducts unilateral discovery, with no assurance of any narrowing of the trade secrets list);

3. Defendants' production of revenue and employee compensation information, pursuant to the Court's instructions at the August 28, 2017 conference (XPO believes this agenda item is subsumed as part of agenda item 1; R+L believes this matter was resolved when Judge Cleland terminated Plaintiffs' motions to compel with Plaintiffs' agreement);

4. Defendants' Fifth Requests for Production to Plaintiffs (XPO believes these requests are premature because R+L refuses to provide revenue information that Judge Cleland ordered as part of the process to narrow the list of customers; R+L submits that these Requests are directly relevant to the cause of XPO's alleged loss of revenue, and that XPO has improperly refused to respond until its own discovery demands are met);

5. The parties' proposals to cull Plaintiffs' list of alleged trade secrets (XPO believes this agenda item is subsumed as part of agenda item 2; R+L does not agree, as the issue of culling XPO's list is separate from the resolution of R+L's motion);

6. Entry of new scheduling order dates.

Thank you,
Andy