UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XPO CNW INC., et al.,

    Plaintiffs,

vs.                                                                           Case No. 16-10391

R&L CARRIERS, INC., et al.,                         HON. AVERN COHN

    Defendants.

_____/

## **ORDER ADOPTING SPECIAL MASTER'S REPORTS AND RECOMMENDATIONS REGARDING DISCOVERY**

I. Introduction

This is a business dispute. Plaintiffs XPO CNW, INC and XPO Logistics Freight, Inc. (collectively "XPO") are suing defendants R&L Carriers, Inc., James Matthews, Shawn Thackray, and Jill Langley (collectively "R&L") claiming breach of contract, unfair competition, misappropriation of trade secrets, and tortious interference with a contract. The parties are engaged in discovery. The Court has referred the discovery disputes[1] to a Special Master for report and recommendation. See Docs. 110, 120.

The Special Maser rendered a Report and Recommendation (Doc. 118) a Revised Report and Recommendation (Doc. 119) and an Amended Revised Report and Recommendation (Doc. 121).

---

[1] The discovery disputes are reflected in XPO's First and Second Motions to Compel (Docs. 49, 50) and R&L's Motion to Compel (Doc. 76-77) as well as additional disputes that the parties raised with the Special Master directly.

Before the Court are the parties' objections to the Special Master's recommendations. The objections and responses are reflected in the following documents:

Doc. 122 - XPO's Objections

Doc. 125 - R&L's Response to XPO's Objections

Doc. 123 - R&L's Objections

Doc. 124 - XPO's Response to R&L's Objections

For the reasons that follow, the objections are OVERRULED and the Reports and Recommendations are ADOPTED.

## II. Legal Standards

### A. Review of Special Master

Fed. R. Civ. P. 53 states the appropriate standard of review for a district court in reviewing findings of fact and conclusions of law made or recommended by a Special Master. Rule 53(f)(3) provides as follows:

> Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
> (A) the findings will be reviewed for clear error; or
> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed. R. Civ. P. 53(f)(4) provides as follows:

> Reviewing Legal Conclusions. The court must decide de novo all objections to conclusions of law made or recommended by a master.

See also Hochstein v. Microsoft Corp., 730 F. Supp. 2d 714, 717 (E.D. Mich. 2010), aff'd 430 F. App'x 898 (Fed. Cir. 2011) ("The Court reviews de novo factual findings and legal conclusions of the Special Master to which a specific objection has been made.

2

See Fed. R. Civ. P. 53(f)).  The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions."  Fed. R. Civ. P. 53(f)(1).

B.  Discovery

The Court has broad discretion to determine the scope of discovery.  <u>Bush v. Dictaphone Corp.</u>, 161 F.3d 363, 367 (6th Cir. 1998).  The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court.  Fed. R. Civ. P. 26(b)(1).  Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable.  <u>Id</u>.  However, the court must also balance the "right to discovery with the need to prevent 'fishing expeditions.' "  <u>Conti v. Am. Axle & Mfg., Inc.</u>, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting <u>Bush</u>, 161 F.3d at 367).  Rule 37(a) allows a party to move for an order compelling "an answer, designation, production, or inspection" if the opposing party has failed to provide a discovery response.  Fed. R. Civ. P. 37(a)(3).

III.  Discussion

The Special Master made five recommendations.  Each recommendation and the parties' objections will be considered in turn below.

3

A. Discovery Related to XPO's Unfair Competition and Tortious Interference Claims

R&L seeks to limit discovery - which is targeted at customer information which XPO has agreed to limit to six identified customers - on these claims to customers that are "tied" to XPO's trade secret claims. XPO contends that the discovery should not be so limited because different facts support its trade secret and unfair competition and tortious interference claims.

The Special Master recommends that XPO has the better view, i.e. XPO be entitled to obtain discovery related it the unfair competition and tortious interference claims from R&L's customers regardless of whether identified six customers are "tied" to XPO's trade secret claims. The Special Master noted XPO's position was reasonable "in the absence of a motion and in light of the July discovery cut-off."

While R&L says it does not object to the Special Master's recommendation it seeks to avoid implementing the recommendation because it seeks leave to file a motion for partial summary judgment on XPO's unfair competition and tortious interference claims and to stay XPO's discovery request until the motion is resolved.

R&L's request is not well taken. As XPO points out, even if R&L files a summary judgment motion, XPO will argue, quite reasonably, that the motion is premature inasmuch as it has not obtained discovery from R&L. Summary judgment motions are not mechanisms to avoid discovery. Of course, R&L will be free to seek summary judgment judgment As such, the Court ADOPTS the Special Master's recommendation. R&L must produce the requested discovery.

B. Sequenced Discovery and Tabling R&L'S Request Pending Depositions

XPO requests that R&L's request for revenue information in its second motion to

compel be furnished only after XPO takes the deposition of three individuals and after R&L produces discovery. The Special Master disagrees, stating that it is not reasonable to further delay or table R&L's discovery request.

XPO objects, essentially repeating its arguments made to the Special Master. XPO's position is not well taken. XPO cannot delay R&L's search for relevant information until such time as XPO thinks fit to produce it. The Special Master's recommendation is ADOPTED.

C. R&L'S Request for Alternate Reasons for XPO's Alleged Lost Customer Revenue

R&L seeks discovery from XPO related to whether there are reasons for XPO's alleged revenue loss other than R&L's alleged misconduct. XPO said the request was vague, overbroad and an undue burden. The Special Master rejected XPO's argument and recommends that R&L be permitted to obtain such discovery because it is "germane and appropriate."

XPO says that if the Court agrees with the Special Master's first recommendation (in Part III. A), then any objection is moot. Because the Court has agreed and adopted the Special Master's recommendation, there is no objection. As such, the Special Master's recommendation is ADOPTED.

D. R&L's Request for Discovery Related to XPO's Trade Secrets

R&L seeks discovery which it says will help determine whether the 400plus trade secrets meet the definition of trade secrets. XPO seeks to delay this discovery until it culls its trade secret list. The Special Master recommends that R&L be allowed to obtain the requested discovery.

XPO objects, contending that R&L's request is "improperly drawn" and/or an

"improper fishing expedition." This objection does not carry the day. The Special Master is correct that such discovery is reasonable. The Special Master's recommendation is ADOPTED.

E. R&L's Requests for Production Nos. 6, 7 and 8

R&L requested that XPO produce information related to performance evaluation of XPO's salespersons assigned to the six identified customers (No. 6), documents regarding XPO's missed appointments, delays or untimely deliveries as to the six selected customers (No. 7) and documents regarding collisions, traffic accidents, etc. (No. 8). The Special Master recommends that XPO be required to produce the information.

In response, XPO says it has no objection to this recommendation if the Court agrees with the Special Master's first recommendation. Because the Court has so agreed, XPO must produce the information. The Special Master's recommendation is ADOPTED.

IV. Conclusion

Having adopted the reports and recommendations, the disputes which are the subject of the parties' discovery motions Docs. 49, 50, 66-67 are RESOLVED. These motions are TERMINATED.

SO ORDERED.


CODA

The Court is constrained to observe that the parties' protracted discovery disputes have done little to move the case forward. The fact that the parties have

advocated for further delays in producing discovery, either by arguing for a stay pending resolution of a motion or arguing that other discovery takes place first, is troubling.  The Court hopes that the discovery rulings will result in forward progress.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 3/20/2019
      Detroit, Michigan